IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| E. EDWARD ZIMMERMAN, D/B/A THE FIRM, | : : : : | CIVIL ACTION |
| v. | : : | No. 20-4090 |
| DOYLESTOWN BOROUGH, *ET AL.* | : : | |

**Goldberg, J.**                                                                                                                   July 22, 2021

## MEMORANDUM OPINION

Plaintiff E. Edward Zimmermann, proceeding *pro se*, filed this declaratory judgment action against the Commonwealth of Pennsylvania (the "Commonwealth") and Doylestown Borough ("Doylestown"). The basis of his lawsuit appears to be a constitutional challenge to Doylestown's Responsible Contractor Ordinance ("RCO"), which incorporates the requirements of the Pennsylvania Prevailing Wage Act, 43 Pa.C.S. § 165 *et seq.* ("PWA"). Defendants have moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, I will grant both Motions.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

When stripped of its legal conclusions, Plaintiff's Complaint alleges that:[1]

- Plaintiff is a private citizen and is the sole owner of a construction company known as the Firm. (Compl., ¶ V.1, ECF No. 1.)

- Plaintiff "speaks for the Firm." (Id. at ¶ V.2.)

- The Firm participates in and sells construction services. (Id. at ¶ V.4.)

---

[1] In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

- Doylestown seeks to erect a Borough Hall building and perform alterations to its Police Department building.  In seeking contractors to execute this project, Doylestown submitted a request for bids from construction companies.  (Id. at ¶ V.9.)

- The Firm intends to submit a bid for the construction contract with Doylestown. (Id. at ¶¶ V.5, V.9.)

- Doylestown has adopted the RCO, in which Doylestown agrees to abide by state laws governing the conditions of employment.  Thus, in seeking bids for its construction project, Doylestown requires that all bidding companies adhere to the requirements of the PWA.  In relevant part, the PWA sets minimum wage rates for workers performing the construction contract.  (Id. at ¶¶ V.10–12.)

- Pursuant to the RCO, any construction company that fails to abide by the PWA will be disqualified from bidding on Doylestown's construction project.  (Id. at ¶ V.13.)

The Commonwealth and Doylestown now move to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  In response to both Motions, Plaintiff "concedes to the Defendants['] Motion to Dismiss. . . and request[s] this matter be closed except for litigation of Plaintiff[']s Civil Motion to Show Civil Cause."  (Pl.'s Responses at 1–2, ECF No, 14, 15.)  While Plaintiff appears to not contest either Motion to Dismiss, the United States Court of Appeals for the Third Circuit has instructed that the district court should not simply grant motions as unopposed, particularly where one party is proceeding *pro se*.  Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).  Therefore, I will address the merits of Defendants' Motions.

II.     **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A motion pursuant to Rule 12(b)(1) challenges the power of the court to hear the case.  Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006).  When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist."  Id. at 302 n.3 (quotation omitted).

A Rule 12(b)(1) challenge to jurisdiction may be either facial or factual. Gould Electrs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). In a facial challenge, the court will limit evaluation to only the allegations in the pleadings and assume the truthfulness of the complaint. Mortensen, 549 F.2d at 891. A factual attack, however, offers no such deference to the plaintiff's allegations and the court may weigh evidence outside of the facts in the pleadings to determine whether jurisdiction exists. Id.[2]

## III.   DISCUSSION

### A. The Commonwealth's Motion to Dismiss

The Commonwealth seeks dismissal of Plaintiff's claims based on a lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Commonwealth's challenge is facial and asserts that the Court lacks jurisdiction based on the Eleventh Amendment's doctrine of sovereign immunity. Although Plaintiff does not oppose this Motion, I will review the merits of the Commonwealth's argument, as I am required to do.

"The Eleventh Amendment renders the States immune from 'any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" Tennessee v. Lane, 541 U.S. 509, 517 (2004). "It is clear . . . that in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

The Eleventh Amendment's grant of sovereign immunity to states and state agencies is subject to three general exceptions. See Alden v. Maine, 527 U.S. 706, 755–56 (1999); M.A. ex

---

[2] Because the motions will be disposed of pursuant to Rule 12(b)(1), I will not address the standard for Rule 12(b)(6).

rel. E.S. v. State-Operated Sch. Dist. of City of Newark, 344 F.3d 335, 345 (3d Cir. 2003).  First, Congress may abrogate Eleventh Amendment immunity if it has "unequivocally expresse[d] its intent to" do so and acted "pursuant to a valid exercise of power."  Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996) (quoting Green v. Mansour, 474 U.S. 64, 68 (1985)).  Second, states may consent to be sued through an "unequivocally expressed" waiver of sovereign immunity.  Alden, 527 U.S. at 755; Pennhurst, 465 U.S. at 99.  Here, however, neither exception applies.  42 Pa. Cons. Stat. §8521(b) (Pennsylvania has withheld its consent to suit in federal court); Pennhurst, 465 U.S. at 99; Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013).

Third, a plaintiff may sue a state official for prospective injunctive relief on the theory first established in the landmark case of Ex Parte Young, 209 U.S. 123, 160 (1908).  In such case, a state official enforcing an unconstitutional state law or practice is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct."  Id.  Once outside the protection of sovereign immunity, that official may be required by an injunction to conform future conduct to the requirements of federal law.  Id.  Thus, "when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief."  Pennhurst, 465 U.S. at 102–03.

Here, Plaintiff has not pursued claims against state officials.  Rather, he has only filed suit against the Commonwealth itself.  Because sovereign immunity bars Plaintiff's claims against the Commonwealth, I lack subject matter jurisdiction and, consequently, the Commonwealth will be dismissed.  See Chester Upland Sch. Dist. v. Pa., 861 F. Supp. 2d 492, 512 (E.D. Pa. 2012) (dismissing certain claims against the Commonwealth and its agency

4

because of sovereign immunity and a lack of subject matter jurisdiction); Leer Elec., Inc. v. Pa., Dep't of Lab. & Indus., 597 F. Supp. 2d 470, 477 (M.D. Pa. 2009) (dismissing claims against a Commonwealth agency for prospective injunctive relief, finding that the Eleventh Amendment sovereign immunity bars such claims).[3]

### B. Doylestown's Motion to Dismiss

Doylestown seeks dismissal of the Complaint by arguing that *pro se* Plaintiff, a non-attorney, cannot represent the entity identified in the caption as "the Firm." Doylestown also argues that Plaintiff's individual claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff fails to allege facts to establish standing. Although Plaintiff also does not oppose Doylestown's Motion, I will review the merits of the Motion.

Pursuant to 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d

---

[3]  I will not afford Plaintiff leave to amend to add Pennsylvania state officials as defendants because such amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Third Circuit has addressed and rejected the claim that Plaintiff is alleging—that the PWA violates the Constitution and is preempted by federal law. The Third Circuit explained:

> In addressing the Pennsylvania Prevailing Wage Act, 43 Pa. Const. Stat. § 165-1 *et seq.* (2009), we previously observed in the preemption context that Pennsylvania was "clearly acting with an 'interest in setting policy,' not as a proprietor," in enacting and applying the statute. Keystone Chapter, Assoc. Builders & Contractors, Inc. v. Foley, 37 F.3d 945, 955 n. 15 (3d Cir. 1994) (quoting Boston Harbor, 507 U.S. [218,] 229 [1993]). "The Prevailing Wage Act aims to ensure that workers receive adequate wages, a governmental objective." Id. Accordingly, it "would be difficult for the state to claim it is acting as a private market participant when it is making rules that raise the cost of its contracts." Id. We concluded in that decision that the state's interest in establishing labor standards and wages constituted an exercise of the State's traditional police power, not market participation. Id.

Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 424 (3d Cir. 2011); Keystone Chapter, 37 F.3d at 956 ("[W]e hold that neither the Prevailing Wage Act nor its accompanying regulations are preempted. . . . The [PWA] and regulations thus fall into the field of state regulation of wages, which is one of those areas of

876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990))).

Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court.  See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007).  This principle has been applied by the Supreme Court, the Third Circuit, and other courts in various contexts.  See, e.g., Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted)); Simon v. Hartford Life, Inc., 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate *pro se* on behalf of an ERISA plan); Osei-Afriyie, 937 F.2d at 882 ("We hold that [plaintiff], a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); Phillips v. Tobin, 548 F.2d 408, 411–12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).

Here, Plaintiff is not a licensed attorney.  Therefore, as a *pro se* plaintiff, he may not represent the entity identified as the Firm or bring claims on its behalf.  Accordingly, to the extent that Plaintiff's claims are asserted on behalf of the Firm, they are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

traditional state regulation that we must presume that Congress did not intend to pre-empt.") (citations and quotation marks omitted).).

With regard to Plaintiff's standing individually, Article III of the Constitution restricts the "judicial power" of the United States to the resolution of cases and controversies. See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). "Subsumed within this restriction is the requirement that a litigant have standing to challenge the action sought to be adjudicated in the lawsuit." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Standing has constitutional and prudential components, both of which must be satisfied before a litigant may seek redress in the federal courts. Id.

The constitutional component of standing requires that a plaintiff demonstrate (1) that he or she suffered an "injury in fact;" (2) that the injury is "fairly traceable" to the actions of the defendant; and (3) that the injury "will likely be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, (1992); see also Valley Forge, 454 U.S. at 471–72. "A plaintiff must show, inter alia, that he has 'suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'" Marin v. Leslie, 337 F. App'x 217, 219 (3d Cir. 2009) (per curiam) (quoting Lujan, 504 U.S. at 560 (1992)). Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed. Taliaferro, 458 F.3d at 188 (citing Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003)).

Viewing the Complaint's allegations in the light most favorable to Plaintiff, he alleges that he owns a construction company, the Firm. Doylestown submitted a request for construction contractor services bids. The project entails constructing a Borough Hall building and executing alterations to a police building. As part of the request for construction bids, Doylestown mandates that all companies submitting bids abide by the RCO and PWA requirements regarding

7

minimum wages for workers on the project. Any company that fails to abide by these requirements will be disqualified from consideration for the project. The Firm intends to submit a bid for the project. (Compl., ¶ V.1–V.13.)

Plaintiff does not allege that he submitted a bid to Doylestown for the construction project. He also does not allege that he suffered any injuries as a result of the RCO or PWA. In Plaintiff's initial response to Doylestown's Motion to Dismiss, he concedes that he did not submit a bid to Doylestown for the construction project. (Pl.'s Opp. at 4, ECF No. 13.) He does not allege that any incident or occurrence injured him individually. Accordingly, Plaintiff has failed to allege facts to establish standing. Therefore, I lack subject matter jurisdiction and will dismiss his individual claims against Doylestown pursuant to Rule 12(b)(1).

Courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint unless amendment would be futile. Grayson, 293 F.3d at 108. Because amendment of this claim would be futile, I will afford not Plaintiff leave to amend these claims.

IV. **CONCLUSION**

For the foregoing reasons, I will grant the Commonwealth's Motion and grant Doylestown's Motion.[4] An appropriate order follows.

---

[4] Plaintiff has also filed a "Civil Motion to Show Civil Cause For Civil Deprivation of My Civil Rights Under Color of Civil Law and Civil Malicious Abuse of the Civil Process" and a "Motion to Amend" the aforementioned motion. Because I am dismissing Plaintiff's Complaint in its entirety, I will deny both Motions as moot.